# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Demetrius Demarco Spencer,                    Case No. 22-CV-3195 (NEB/ECW)

                Petitioner,

v.                                            **REPORT AND RECOMMENDATION**

Williams, Warden FCI,

                Respondent.

Petitioner Demetrius Demarco Spencer was convicted in this District in 2013 on one count of being a felon in possession of a firearm. *See United States v. Spencer*, No. 12-CR-0280 (MJD/JJK) (D. Minn.). Spencer was sentenced to an 80-month term of imprisonment in that matter with a three-year term of supervised release to follow.

Not long after getting out of prison, Spencer was again indicted in this District, again on a charge of being a felon in possession of a firearm. *See United States v. Spencer*, No. 20-CR-0229 (ECT/BRT) (D. Minn.). Spencer was convicted of that offense and sentenced to a 120-month term of imprisonment. In addition, because Spencer had been on supervised release for the first offense, that supervised release was revoked at the time of Spencer's sentencing, with Spencer receiving a sentence on revocation of "[t]ime served, to be served consecutively to the term of custody imposed" in the second criminal matter. *Spencer*, No. 12-CR-0280, Dkt. No. 171 at 2.

Spencer, who is currently incarcerated at the Federal Correctional Institution in Greenville, Illinois, has initiated this action through a petition for a writ of habeas corpus.

1

Spencer's habeas petition raises two categories of claims. First, Spencer alleges that the trial court committed error during the second criminal proceeding and that his conviction should be invalidated as a result. Second, Spencer alleges that the Federal Bureau of Prisons ("BOP") is incorrectly carrying out his current sentence by failing to properly account for time spent in jail prior to sentencing. Spencer's habeas petition is now before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts.[1]

Each category of claims raised by Spencer is precluded from substantive review by this Court by a separate procedural problem. First, with respect to Spencer's claims attacking the validity of his sentence: Federal prisoners generally are precluded from attacking the validity of a conviction or sentence through a petition for a writ of habeas corpus unless the alternative-remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of the prisoner's detention. *See* 28 U.S.C. § 2255(e). Spencer offers no reason to believe that § 2255 is an inadequate or ineffective procedural vehicle through which to raise his claims attacking the legality of his conviction. The exclusive-remedy rule of § 2255(e) is jurisdictional, *see DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), and the Court is required to dismiss any aspect of the habeas petition brought by Spencer challenging his conviction or sentence.

Second, with respect to Spencer's claim attacking the manner in which the BOP is carrying out his term of imprisonment: This claim, unlike the claims challenging the

---

[1] Although Spencer's habeas petition is not brought under 28 U.S.C. § 2254, the Rules Governing Section 2254 Proceedings may be applied to the petition. *See* Rule 1(b).

validity of the conviction, is properly raised through a petition for a writ of habeas corpus. But "a habeas petitioner must seek relief in the judicial district where he is *confined* (or, more accurately, the district in which the petitioner's immediate custodian is located), not the district where the petitioner was *sentenced*." *Varela-Meraz v. United States*, No. 22-CV-2063 (NEB/JFD), 2022 WL 18135248, at *1 (D. Minn. Nov. 21, 2022) (*citing McCoy v. United States Board of Parole*, 537 F.2d 962, 965 (8th Cir. 1976)). Spencer is incarcerated in a prison located within the jurisdiction of the United States District Court for the Southern District of Illinois, and it is there, not here, that Spencer must seek habeas corpus relief.

Finally, this Court notes that it has considered recommending transfer of Spencer's habeas petition pursuant to 28 U.S.C. §§ 1406(a) and 1631 and has concluded that such a transfer would be inappropriate in this case, as there is not a single appropriate venue for Spencer's claims. If Spencer's habeas petition were to be transferred to the Southern District of Illinois, that court could not adjudicate Spencer's claims related to the validity of his conviction. Conversely, if Spencer's petition were to be "transferred" to the underlying criminal proceedings in this District and construed as a motion under § 2255, that court could not adjudicate Spencer's claims related to the BOP's execution of his sentence. Therefore, this Court will recommend dismissal of this matter without

prejudice rather than transfer, and Spencer may continue to seek relief in the appropriate

venues and through the appropriate procedural vehicles.[2]

Only one matter merits further comment.  Spencer has applied for *in forma*

*pauperis* ("IFP") status in this proceeding.  *See* Dkt. No 3.  Because this Court has

recommended summary dismissal of Spencer's habeas petition, it is further

recommended that Spencer's IFP application be denied.  *See Kruger v. Erickson*, 77

F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT**

**IS RECOMMENDED THAT**:

1.      This matter be **DISMISSED WITHOUT PREJUDICE**.

2.      The application to proceed *in forma pauperis* of petitioner Demetrius

Demarco Spencer (Dkt. No. 3) be **DENIED.**

Dated: March 7, 2023                           *s/Elizabeth Cowan Wright*
                                               ELIZABETH COWAN WRIGHT
                                               United States Magistrate Judge

---

[2] Section 2255 establishes a one-year limitations period for motions brought under that
provision, *see* 28 U.S.C. § 2255, but that limitations period has not yet expired (or even
come close to expiring) in Spencer's criminal cases.

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).